IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLTON LUCAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 05 – 302 |
| | § | |
| STATE FARM INSURANCE COMPANY, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Defendant State Farm Lloyds ("State Farm") (incorrectly named "State Farm Insurance Company") filed a Motion to Dismiss, alternatively, a Motion for Summary Judgment (Doc. #10). Because the Court must rely on evidence outside the pleadings, the filing will be considered as a Motion for Summary Judgment.

**I.     FACTUAL BACKGROUND**

Plaintiff Carlton Lucas filed this suit seeking insurance benefits arising under his homeowner's insurance policy with Defendant. Defendant seeks to dismiss this case, arguing that the limitations period expired before Plaintiff filed suit and Plaintiff's case is thus time-barred. The only issue presently before the Court is determining when the limitations period began.

Plaintiff's homeowner's insurance policy contains a valid contractual statute of limitations clause, which provides: "Action brought against us must be started within two years and one day after the cause of action accrues." Def.'s Mot. to Dismiss at p.11. The parties' disagreement centers on the date Plaintiff's cause of action accrued.

On December 27, 2000, Plaintiff initiated his claims for mold and water damage to his residence. Over the following twenty months, Defendant worked with Plaintiff to resolve his claims. Plaintiff submitted claims for coverage that included rebuilding parts of his residence, replacing damaged personal property, and additional living expenses incurred as a result of not being able to occupy his home.

As part of the claims process, Defendant repeatedly instructed Plaintiff that he was to attempt to have his personal property cleaned, rather than discarding it and replacing it. Plaintiff did not comply with Defendant's instructions, and informed Defendant that he had disposed of several items because he did not think they could be cleaned, despite reports from an environmental firm indicating that they could be cleaned; Plaintiff submitted claims to cover the costs of replacing the items he had discarded. Defendant informed Plaintiff that his replacement costs were not covered, but it would investigate the claims nonetheless to try to reach a sound resolution.

After inspecting Plaintiff's remaining items, including some that he alleged to have disposed of but were actually placed in storage, Defendant sent Plaintiff a check to cover cleaning costs. Shortly thereafter, Claims Representative Rob Reyes notified Plaintiff, through his attorney, James Plummer, that he was preparing Plaintiff's file for closure. Reyes sent Plummer a letter on September 11, 2002 (the "September 11th letter"), stating that State Farm had concluded its investigation and settlement of Plaintiff's claims.

In March 2003, Plummer sent Defendant a letter asking that several checks be reissued to include the proper payee and authorized signatures. Plummer also requested full payment for Plaintiff's personal items covered under his contents coverage. In response to this letter, Defendant reissued the checks and sent a letter on April 11, 2003 (the "April 11th letter")

explaining that Plaintiff's contents claim had already been paid – though not in the full amount requested because the contents of the home were to be cleaned, not discarded and replaced – and that no further payments would be issued.

On June 10, 2004, Plummer sent Defendant a letter asking for a full accounting of the payments made and requesting that State Farm revisit Plaintiff's request for contents payment. Defendant did not reconsider Plaintiff's contents claim, but referred Plummer back to previous letters that had explained payments made for cleaning the contents.

On November 5, 2004, Plaintiff filed this suit in state court. Defendant removed it to federal court on the basis of diversity jurisdiction. Defendant has filed a Motion to Dismiss, alternatively, a Motion for Summary Judgment, asserting that Plaintiff's claims must be dismissed as a matter of law because the limitations period expired before Plaintiff filed suit.

## II.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations and citations omitted). A genuine issue of material facts exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*.

**III.    ANALYSIS**

Defendant bears the burden of proving its limitation defense by conclusively establishing the date on which limitations began to run.  *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975).  Generally, a cause of action accrues, thus triggering the limitations period, when facts come into existence that authorize a party to seek a judicial remedy.  *Johnson & Higgins v. Kenneco Energy*, 962 S.W.2d 507, 514 (Tex. 1998).  Under Texas law, a cause of action for insurance proceeds accrues when the insurance company denies the insured's claim.  *Id*.

The parties do not dispute that the limitations clause in the insurance policy is valid, they only disagree about the date that Plaintiff's claim was denied.  Plaintiff asserts that it was April 11, 2003, and therefore this case was filed before the statute of limitations had expired.  Defendant asserts that the claim was denied on September 11, 2002, and therefore this case is time-barred.

Defendant argues that Plaintiff's claim was denied on September 11, 2002, when Reyes sent a letter to Plaintiff's attorney stating that State Farm had "concluded its investigation and settlement [of] Mr. Carlton Lucas' claims."  Def.'s Mot. to Dismiss, Ex. A-20.  Defendant asserts that even though the letter did not include the word "deny," the statement that State Farm had concluded its investigation was an unequivocal message that State Farm had made a final determination on the disposition of Plaintiff's claims.

Plaintiff counters that this letter does not comply with section 21.55 of the Texas Insurance Code, which requires Defendant to state the reason for the denial of a claim, and therefore could not have triggered the statute of limitations.  *See* Tex. Ins. Code. § 21.55(3)(c).  Plaintiff contends that Defendant explained why the claim was denied in the April 11th letter, and thus the statute of limitations did not begin to run until that day.

While the September 11th letter does not explain why Plaintiff's claim was denied, prior to this letter, Defendant had explained in great detail, and on more than one occasion – in writing – that Plaintiff was supposed to clean his personal property, not dispose of it as he indicated he had done.  Defendant informed Plaintiff that he was only entitled to cleaning costs, but that it would review his claim for replacement costs.  On September 6, 2002, Reyes left a message at Plummer's office regarding the status of his review of Plaintiff's file and advised him that the file would be prepared for closure.  The September 11th letter informed Plaintiff in writing that investigation of his claims had been concluded and settled.[1]  This letter clearly informed Plaintiff that his claim review was over.  Although the September 11th letter itself did not explain why the full amount of Plaintiff's contents claim had been denied, the preceding correspondence between the parties put Plaintiff on notice that State Farm did not believe Plaintiff was entitled to reimbursement for the contents he had discarded.  This notice was followed by payments to Plaintiff for cleaning the contents of his home, but not to replace the discarded items.

In light of the letters explaining to Plaintiff that he was only entitled to reimbursement for cleaning his personal property, not for replacing it, followed by the September 11th letter, indicating that his claims review process was over – without any payment having been made to cover Plaintiff's claims for contents replacement – the September 11th letter was an effective denial of any additional claims not already paid, and thus triggered the limitations period.

The April 11th letter was not the result of any further investigation of Plaintiff's claims, it was simply a reiteration of what had already occurred.  In response to Plaintiff's inquiry about the additional coverage claim to replace his personal property, Defendant explained that because

---

[1] Plaintiff argues that this letter is ambiguous because it could mean "State Farm Lloyds has concluded its investigation and settlement [of] Mr. Carlton Lucas' claims," or "State Farm Lloyds has concluded its investigation and settle[d] Mr. Carlton Lucas' claims."  This "ambiguity" is harmless as either interpretation conveys the same message – that Defendant had completed its investigation and paid the claims.

5

the contents of the home were to be cleaned, not discarded and replaced, no further payments would be issued for those items. Plaintiff argues that this letter constitutes the denial of his claims, thus triggering the limitations period, because it meets the requirements of section 21.55 by explaining that the reason for the denial was that payments had already been made. Plaintiff's argument is feeble and unpersuasive, as it would allow an insured to extend the limitations period simply by requesting payment for items that have already been paid.

The Court finds and holds that the limitations period started on September 11, 2002, when Defendant informed Plaintiff that investigation of his claims was concluded and his claims had been settled. This letter was a denial of any claims for additional payment, and entitled Plaintiff to seek a judicial remedy. Because Plaintiff filed this case on November 5, 2004, more than two years and one day after the September 11th letter, Plaintiff's claims are time-barred.

### IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. #10) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

SIGNED this 31st day of August, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**